The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer
38 New Street
Huntington, New York 11743
Fred S. Kantrow
Kimberly I. Berson

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

    SHAKIL IQBAL AND
    MARIA L. IQBAL,

                 Debtors.
-------------------------------------------------------X
DEBRA KRAMER as trustee of the estate
of S.M. Transportation, Ltd.,

             Plaintiff,

    -against-


SHAKIL IQBAL AND MARIA L. IQBAL,

             Defendants.
-------------------------------------------------------X

Chapter 7

Case No.: 12-42218-ess


Adv. Pro. No.

## **COMPLAINT**

_____DEBRA KRAMER as trustee ("Kramer" or the "Plaintiff") of the Estate of S.M.

Transportation, Ltd., a creditor herein, respectfully submits this as and for her complaint (the

"Complaint") against SHAKIL IQBAL AND MARIA L. IQBAL, the debtors and the defendants

(the "Defendants") herein, and states as follows:

    1.        The Plaintiff is the Chapter 7 Trustee of the Estate of S.M. Transportation, Ltd., a

company formerly owed by the Debtors, which has been assigned Case No.: 10-43746 which is

pending before  Judge Elizabeth S. Stong .  The Plaintiff is a creditor of the instant Estate of

Shakil Iqbal and Maria L. Iqbal.

1

2.    The Defendants are the Debtors herein and are individuals with a mailing address of 15 Northridge Drive, Coram, New York.

## JURISDICTIONAL PREDICATE

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

4.    The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

5.    The statutory predicates for the relief sought herein are 11 U.S.C.§§ 105, 523 and 727 and Bankruptcy Rules 7001 *et. seq*.

6.    This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq*.

7.    In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

8.    On March 26, 2012, (the "Petition Date"), the Defendants, filed a voluntary petition for relief from his creditors pursuant to chapter 7 of Title 11 of the United States Code ("the Bankruptcy Code").

9.    Prior to the instant filing, the Debtors were the principals of S.M. Transportation, Ltd. ("S.M. Transportation).

10.    S.M. Transportation filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on April 28, 2010.

11.    By Order of the Bankruptcy Court dated December 21, 2010, the case was converted from one under chapter 11 to one under chapter 7 of the Bankruptcy Code. Debra Kramer was appointed the interim chapter 7 Trustee and thereafter duly qualified as the permanent case Trustee.

12.    Within the six year period prior to the filing of the S.M. Transportation petition, S.M. Transportation made many payments for the benefit of the Defendants and did not receive any consideration in exchange for the payments made which benefitted the Defendants.

13    Specifically, within the six year period prior to the filing, S.M. Transportation made several mortgage payments (the "mortgage payments") to Citibank, N.A. in connection with the Defendants' residence commonly known as 16 Northridge Drive, Coram, New York 11727.

14.    The total amount of the mortgage payments made by the S.M. Transportation for the benefit of the Defendants was $20,911.77.

15.    S. M. Transportation did not receive any consideration for the mortgage payments made to Citibank, N.A. which benefitted the Defendants.

16.    The payments were made at a time when the S.M. Transportation was insolvent and/or the payments rendered the S.M. Transportation insolvent.

17.    Within the six years prior to the filing of the petition of S.M. Transportation, S.M. Transportation made payments to Villa Lombardi's in connection with the Defendants' daughter's sweet sixteen.

18.     The total amount of the payments made by S.M. Transportation  to Villa Lombardi for the benefit of the Defendants was $9,000.00.

19.     S.M. Transportation did not receive any consideration for the payments made to Villa Lombardi's which benefitted the Defendants.

20.     S.M. Transportation made the payments to Villa Lombardi's at a time that it was insolvent and/or the payments rendered S.M. Transportation insolvent.

21.     Within the six years prior to the filing of S.M. Transportation , S.M. Transportation  made payments to Liberty Home Improvements which benefitted the Defendants.

22.      S.M. Transportation did not receive any consideration for the payments it made to Liberty  Home Improvements.

23.     The total amount of payments made to Liberty Home Improvements by S.M. Transportation  was $25,650.00.

24.     S.M. Transportation  made the payment to Liberty Home Improvements at a time that it was insolvent and/or the payments rendered S.M. Transportation  insolvent.

25.     Upon information and belief, within the six years prior to the filing of S.M. Transportation, S.M. Transportation issued numerous checks made payable to Maria I. Iqbal and/or to cash which were later endorsed by Maria I. Iqbal and did not receive any consideration in exchange for the checks.

26.     Within the six year period prior to the filing of S.M. Transportation, total amount of the checks issued by S.M. Transportation made payable to Maria I. Iqbal and/or to cash which were later endorsed by Maria I. Iqbal and in which S.M. Transportation did not receive any

consideration in exchange for was $80,223.88.

27.     Within the six year period prior to the filing of S.M. Transportation, S.M. Transportation Debtor made numerous payments to Shakil which it did not receive consideration in exchange for the payments.

28.     Upon information and belief, the total amount of the payments received by Shakil Iqbal from the Debtor within the six year period prior to the filing of S.M. Transportation  was $6,700.00 and S.M. Transportation did not receive any consideration for said payments.

29.     On or about May 24, 2006, S.M. Transportation  issued check number 2262 to Suffolk County Community College issued in the amount of $1,043.50 for the payment of Shan Iqbal's tuition and received no consideration for such payment.

30.     The above transfers of payments to the Defendants and/or for the benefit of the Defendants from S.M. Transportation  made within the six year period prior to the filing total $143,529.15 (the "Pre-Petition Payments").

31.     The Defendants as principals of the S.M. Transportation  made these Pre-Petition Payments  for the purpose of committing an intentional fraud upon the creditors of the Debtor and to the detriment of the creditors of the S.M. Transportation  while within their fiduciary capacity as the Debtor's principals and/or officers.

32.     Plaintiff commenced an adversary proceeding against the Debtors which was entitled *Debra Kramer as Trustee of the Estate of S.M. Transporation, Ltd. v. Maria Iqbal and Shakil Iqbal* seeking to set aside the Pre-petition payments as fraudulent conveyances and seeking to recover at least $143,529.15 from the Defendants.  The adversary proceeding was assigned adversary proceeding number 11-1539.

33.     *Debra Kramer as Trustee of the Estate of S.M. Transporation, Ltd. v. Maria Iqbal and Shakil Iqbal*  was stayed as a result of the instant bankruptcy filing.

### AS AND FOR A FIRST CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

34.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as if each were more fully set forth herein.

35.     Pursuant to section 523(a)(2)(A) of the Bankruptcy code, a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money to the extent obtained by false pretenses, a false representation, or actual fraud.

36.     Upon information and belief, the Defendants obtained the benefit of payments made by S.M. Transportation at the expense of the creditors of S.M. Transportation and S.M. Transportation did not receive any consideration for the Pre-petition payments made on the behalf of the Debtors and were intentional acts taken by the Defendants in an effort to defraud the true creditors of S.M. Transportation, which were numerous.

37.     Upon information and belief, the Defendants obtained the Pre-Petition Payments detailed herein by a false representation insofar as S.M. Transportation did not receive any consideration for the transfers and the actions taken by the Defendants caused intentional harm to the true creditors of S.M. Transportation.

38.     Upon information and belief, the Defendants procured the Pre-Petition Payments detailed herein by actual fraud insofar S.M. Transportation did not receive any consideration for the transfers.

39.     Accordingly, the Plaintiff is entitled to a judgment pursuant to section 523(a)(2)(A) deeming that Pre-Petition Payments in the amount of $143,529.15 made by the

6

S.M. Transportation for the benefit of the Defendants are non-dischargeable debts.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. § 523(a)(4)

40.    The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "39" as if each were more fully set forth herein.

41.    Pursuant to section 523(a)(4) of the Bankruptcy code, a discharge under section

727 of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud.

42.    Upon information and belief, the Defendants procured the Pre-Petition Payments

detailed herein from S.M. Transportation for no consideration for the transfers.

43.    Accordingly, the Plaintiff is entitled to a judgment pursuant to section 523(a)(4)

deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation

for the benefit of the Defendants as non-dischargeable debts.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. § 523(a)(6)

44.    The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "43" as if each were more fully set forth herein.

45.    Pursuant to section 523(a)(6) of the Bankruptcy Code, a discharge under section

727 of the Bankruptcy Code does not discharge an individual debtor from any debt for wilful and

malicious injury by the debtor to another entity or to the property of another entity.

46.    Upon information and belief, the Defendants obtained the Pre-Petition Payments

herein from S.M. Transportation for no consideration for the transfers to the detriment of the

creditors of S.M. Transportation.

47.    Upon information and belief, the Defendants' actions were wilful and malicious

and caused injury to the creditors of S.M. Transportation.

48.    Accordingly, the Plaintiff is entitled to a judgment pursuant to section 523(a)(6) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts.

**AS AND FOR FOURTH CAUSE OF ACTION
PURSUANT TO 11 U.S.C. § 727(a)(4)(A)**

49.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" as if each were more fully set forth herein.

50.    Pursuant to section 727(a)(4)(A) of the Bankruptcy Code, the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

51.    The Defendants filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code.

52.    As part of the petition, the Defendants completed schedules.

53.    One of the schedules is known as the Statement of Financial Affairs (the "SOFA").

54.    The Defendants stated on their SOFA that they earned little to no income during the most recent three years.

55.    The information is directly contradicted by the amounts that the Defendants converted, diverted, or otherwise misappropriated from S.M. Transportation.  Upon information and belief, the Defendants alleged to the Plaintiff that the monies that they diverted from S.M. Transportation for their benefit, were amounts that were treated as income by the Defendants.

56.    Upon information and belief, the Defendants diverted funds from S.M.

8

Transportation and the SOFA contains false statements.

57.    Accordingly, the Defendants are not entitled to a discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code.

## AS AND FOR A FIFTH CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. § 727(a)(5)

58.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57" as if each were more fully set forth herein.

59.    Pursuant to section 727(a)(5) of the Bankruptcy Code, the court shall grant the debtor a discharge unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

60.    The Defendants, as the principals of S.M. Transportation, dissipated the assets of S.M. Transportation, for their exclusive benefit, to the detriment of the creditors of S.M. Transportation, and cannot explain the loss of assets or deficiency of assets to meet even their own liabilities.

61.    Accordingly, the Defendants are not entitled to a discharge of their debts.

WHEREFORE, the Plaintiff herein demands judgment as against the Defendants, determining the debts owed to the Plaintiff are non-dischargeable pursuant to sections 523(a)(2)(A); 523(a)(4) and 523(a)(6) of the Bankruptcy Code; determining that the Defendants are not entitled to a discharge pursuant to sections 727(a)(4)(A) and 727(a)(5);  together with such other and further relief that this Honorable Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York

9

June 22, 2012

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Trustee/Plaintiff

BY:      S/Fred S. Kantrow
         Fred S. Kantrow
         Kimberly I. Berson
         38 New Street
         Huntington, New York 11743
         631 423 8527
         fkantrow@avrumrosenlaw.com