The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer
38 New Street
Huntington, New York 11743
Fred S. Kantrow
Kimberly I. Berson

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Return Date: September 27, 2012<br>Time: 9:30 a.m. |

---------------------------------------------------------X
In re:

    SHAKIL IQBAL AND
    MARIA L. IQBAL,

                            Debtors.
---------------------------------------------------------X
DEBRA KRAMER as trustee of the estate
of S.M. Transportation, Ltd.,

                     Plaintiff,

    -against-

SHAKIL IQBAL AND MARIA L. IQBAL,

                    Defendants.
---------------------------------------------------------X

Chapter 7

Case No.: 12-42218-ess

Adv. Pro. No. 12-1198-ess

### APPLICATION FOR DEFAULT JUDGMENT
### PURSUANT TO RULE 7055 OF
### THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

       Fred S. Kantrow, the undersigned, an attorney duly admitted to practice in the courts of the State of New York and in this Court, hereby affirms the following to be true under the penalties of perjury:

       1.    I am a member of The Law Offices of Avrum J. Rosen, PLLC, attorneys for DEBRA KRAMER, as CHAPTER 7 TRUSTEE for the Estate of S.M. Transportation, Ltd. (the "Plaintiff") in the above-captioned adversary proceeding, and as such I am fully familiar with the facts and circumstances set forth herein.  I submit this affirmation in support of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure made applicable through

Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") against the Defendants Shakil Iqbal and Maria L. Iqbal ("Iqbals" or the "Defendants" or the "Defaulting Defendants" or the "Debtors").

## BACKGROUND INFORMATION

2.   On March 26, 2012, (the "Petition Date"), the Defendants, filed a voluntary petition for relief from their creditors pursuant to chapter 7 of Title 11 of the United States Code ("the Bankruptcy Code").

3.   Prior to the instant filing, the Debtors were the principals of S.M. Transportation, Ltd. ("S.M. Transportation).

4.   S.M. Transportation filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on April 28, 2010.

5.   By Order of the Bankruptcy Court dated December 21, 2010, the case was converted from one under chapter 11 to one under chapter 7 of the Bankruptcy Code. Debra Kramer was appointed the interim chapter 7 Trustee and thereafter duly qualified as the permanent case Trustee.

6.   The Trustee learned through her investigation that within the six year period prior to the filing of the S.M. Transportation petition, S.M. Transportation made many payments for the benefit of the Defendants and did not receive any consideration in exchange for the payments made which benefitted the Defendants.

7.   Specifically, within the six year period prior to the filing, S.M. Transportation made several mortgage payments (the "mortgage payments") to Citibank, N.A. in connection with the Defendants' residence commonly known as 16 Northridge Drive, Coram, New York 11727. The total amount of the mortgage payments made by the S.M. Transportation for

the benefit of the Defendants was $20,911.77.

8. S. M. Transportation did not receive any consideration for the mortgage payments made to Citibank, N.A. which benefitted the Defendants and the payments were made at a time when the S.M. Transportation was insolvent and/or the payments rendered S.M. Transportation insolvent.

9. Within the six years prior to the filing of the petition of S.M. Transportation, S.M. Transportation made payments to Villa Lombardi's in connection with the Defendants' daughter's sweet sixteen. The total amount of the payments made by S.M. Transportation to Villa Lombardi for the benefit of the Defendants was $9,000.00.

10. S.M. Transportation did not receive any consideration for the payments made to Villa Lombardi's which benefitted the Defendants and S.M. Transportation made the payments to Villa Lombardi's at a time that it was insolvent and/or the payments rendered S.M. Transportation insolvent.

11. Within the six years prior to the filing of S.M. Transportation , S.M. Transportation made payments to Liberty Home Improvements which benefitted the Defendants.

12. S.M. Transportation did not receive any consideration for the payments it made to Liberty Home Improvements and the total amount of payments made to Liberty Home Improvements by S.M. Transportation was $25,650.00.

13. S.M. Transportation made the payment to Liberty Home Improvements at a time that it was insolvent and/or the payments rendered S.M. Transportation insolvent.

14. Upon information and belief, within the six years prior to the filing of S.M. Transportation, S.M. Transportation issued numerous checks made payable to Maria I. Iqbal and/or to cash which were later endorsed by Maria I. Iqbal and did not receive any consideration

in exchange for the checks. The total amount of the checks issued by S.M. Transportation made payable to Maria I. Iqbal and/or to cash which were later endorsed by Maria I. Iqbal and in which S.M. Transportation did not receive any consideration in exchange for was $80,223.88.

15. Within the six year period prior to the filing of S.M. Transportation, S.M. Transportation Debtor made numerous payments to Shakil Iqbal which it did not receive consideration in exchange for the payments. The total amount of the payments received by Shakil Iqbal from the Debtor within the six year period prior to the filing of S.M. Transportation was $6,700.00 and S.M. Transportation did not receive any consideration for said payments.

16. On or about May 24, 2006, S.M. Transportation issued check number 2262 to Suffolk County Community College issued in the amount of $1,043.50 for the payment of Shan Iqbal's tuition and received no consideration for such payment.

17. Within the six year period prior to the filing of the bankruptcy petition of S.M. Transportation, Ltd., S.M. Transportation made payments to the Defendants or for the benefit of the Defendants which totaled $143,529.15 (the "Pre-Petition Payments").

18. The Defendants as principals of the S.M. Transportation made these Pre-Petition Payments for the purpose of committing an intentional fraud upon the creditors of S.M. Transportation and to the detriment of the creditors of S.M. Transportation despite the fact that they had a fiduciary obligation as S.M. Transportation's principals and/or officers to S.M. Transportation's creditors.

19. Plaintiff commenced an adversary proceeding against the Debtors which was entitled *Debra Kramer as Trustee of the Estate of S.M. Transporation, Ltd. v. Maria Iqbal and Shakil Iqbal* seeking to set aside the Pre-petition payments as fraudulent conveyances and seeking to recover at least $143,529.15 from the Defendants. The adversary proceeding was

assigned adversary proceeding number 11-1539. *Debra Kramer as Trustee of the Estate of S.M. Transporation, Ltd. v. Maria Iqbal and Shakil Iqbal* was stayed as a result of the instant bankruptcy filing.

20. On June 22, 2012, Plaintiff commenced an adversary proceeding against Shakil Iqbal and Maria L. Iqbal, the Defaulting Defendants, by the filing of a complaint seeking judgment against the Defendants as follows:

(A) On the First Cause of Action, Plaintiff is entitled to a judgment pursuant to section 523(a)(2)(A) deeming that Pre-Petition Payments in the amount of $143,529.15 made by the S.M. Transportation for the benefit of the Defendants are non-dischargeable debts;

(B) On the Second Cause of Action, a judgment pursuant to section 523(a)(4) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts;

(C) On the Third Cause of Action, a judgment pursuant to section 523(a)(6) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts;

(D) On the Fourth Cause of Action, judgment determining the Defendants are not entitled to a discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code; and

(E) On the Fifth Cause of Action, the Defendants are not entitled to a discharge of their debts pursuant to section 727(a)(5) of the Bankruptcy Code.

A copy of the Complaint is annexed hereto as Exhibit "A".

21. On June 24, 2012, the Clerk of the Court issued a Summons and Notice of Pretrial Conference in connection with the instant adversary proceeding. A copy of the Summons and Notice of Pretrial Conference is on file with the Court as Docket No. 2. A copy of the Summons

is annexed hereto as Exhibit "B".

22. On June 24, 2012, Plaintiff served Defendants with a copy of the Summons together with the Complaint in connection with the above-referenced matter by regular mail at the address of the Defendant. A copy of the affidavit of service is annexed hereto as Exhibit "C" and is on the Court's Electronic Docket as Docket No. 3.

23. The Defendants time to answer or otherwise appear in this action was July 26, 2012. The Defendants have failed to file an answer or otherwise appear in this action.

24. Upon information and belief, the Defendants are not an infant or an incompetent person.

25. Upon information and belief, the Defendants are not an individual in the military service.

26. The Defendants have failed to answer or otherwise appear in the instant matter within the time limit fixed by the court or by Fed. R. Bankr. P. 7012(a).

## RELIEF REQUESTED

27 Rule 55(b)(2) of the Federal Rules of Civil Procedure made applicable through 7055(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that ". . . the party entitled to a judgment by default shall apply to the court therefor."

28. In light of the fact that the Defendants failed to answer the complaint or otherwise appear in the action, it is respectfully requested the Court allow Plaintiff to enter a Default Judgment against the Defendants.

29. The Complaint seeks damages against the Defendants in the following amounts:

(A) On the First Cause of Action, Plaintiff is entitled to a judgment pursuant to section 523(a)(2)(A) deeming that Pre-Petition Payments in the amount of $143,529.15 made by the S.M.

Transportation for the benefit of the Defendants are non-dischargeable debts;

(B) On the Second Cause of Action, a judgment pursuant to section 523(a)(4) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts;

(C) On the Third Cause of Action, a judgment pursuant to section 523(a)(6) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts;

(D) On the Fourth Cause of Action, judgment determining the Defendants are not entitled to a discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code; and

(E) On the Fifth Cause of Action, the Defendants are not entitled to a discharge of their debts pursuant to section 727(a)(5) of the Bankruptcy Code.(A) On the First Cause of Action, Plaintiff is entitled to a judgment setting aside the transfer of the payments made within the ninety day period prior to the filing as Preferences in accordance with Section 547 of the Bankruptcy Code;

30.     The Plaintiff is seeking a judgment determining that the sum of $143,529.15 which is due to the Plaintiff is non dischargeable.  Plaintiff is also seeking a judgment denying the Debtors their discharge.

31.     The undersigned has expended four (4) hours in preparing, filing and serving the Complaint in connection with this adversary proceeding,  and in preparing, serving and filing the instant application for default judgment.  The work was performed by the undersigned , a member of the firm and an associate of this firm. The total costs and disbursements sought total $1,200.00.

WHEREFORE, in view of the foregoing, it is respectfully requested that this Court enter

the Default Judgment consistent with the relief requested in this Affirmation.

Dated: Huntington, New York
August 28, 2012

                The Law Offices of Avrum J. Rosen, PLLC
                Attorneys for the Plaintiff

BY:   S/Fred S. Kantrow
        Fred S. Kantrow
        Kimberly I. Berson
        38 New Street
        Huntington, New York 11743
        (631) 423-8527
        fkantrow@avrumrosenlaw.com