UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X   Case No. 12-42218-ESS
IN RE:
     SHAKIL IQBAL AND
     MARIA IQBAL

           Debtors
------------------------------------------------X
DEBRA KRAMER as trustee of the
Estate of S. M. Transportation, Ltd.,

           Plaintiff,      Adv. Pro. No. 12-1198-ESS

Vs.

SHAKIL IQBAL
MARIA IQBAL
           Defendants.
------------------------------------------------X.

## NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

PLEASE TAKE NOTICE, THAT THE DEBTORS/DEFENDANTS, SHALL MOVE the bankruptcy court for relief of vacatur of default judgment entered in this matter on November 6, 2013, pursuant to Rule 60 of the Federal Rules of Civil Procedure (FRCP) and dismissal thereof the complaint with prejudice under Rule 12 (b)(6) of FRCP for failure to state claim and lacking Notice of Pleading under Rule 8 and 9 of FRCP.

A hearing has been scheduled in this matter on July 24, 2013 at 10:00 AM before Hon. Elizabeth Stong, presiding judge at United States Bankruptcy Court of Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn New York 11201. All responses be filed at least 7 days prior to the scheduled hearing and a copy of the same also be mailed to the Chambers of Hon. Judge Stong.

Dated: New York New York
     June 19, 2013

                             Karamvir Dahiya, Esq.
                             Dahiya Law Group LLC
                             75 Maiden Lane Suite 506
                             New York New York 10038
                             Tel: 212 766 8000

Notice :
Law Offices of Avrum Rosen
38 New St. Huntington NY 11743

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X    Case No. 12-42218-ESS
IN RE:

  SHAKIL IQBAL AND
  MARIA IQBAL

     Debtors
------------------------------------------------X
DEBRA KRAMER as trustee of the
Estate of S. M. Transportation, Ltd.,

     Plaintiff,   Adv. Pro. No. 12-1198-ESS
Vs.


SHAKIL IQBAL
MARIA IQBAL

     Defendants.
------------------------------------------------X.

**AFFIRMATION IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT AND
DISMISS THE COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION**

**SHAKIL IQBAL AND MARIA IQBAL** (collectively, "Iqbals") through their counsel
Karamvir Dahiya of Dahiya Law Offices LLC, respectfully state the following in
support of this motion for vacating the default judgment and dismissal of the complaint
thereto.


   The debtors request vacatur of default judgment (**Ex. A**) and dismissal of the
underlying Complaint. Law and equity, as seen in this case, warrants a court
consideration of this case that it be dealt on merit and to prevent miscarriage of justice.
*International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *Klapprott v.
U.S.*, 335 U.S. 601, 614–615 (1949). Moreover, "decisions based on merits of an action
are favored over judgments entered on procedural default." *Meehan v. Snow*, 652 F.2d
274, 277 (2nd Cir. 1981)). On merits, the plaintiff's complaint was without merit, it

failed to state a cause of action—neither meeting procedural or legal requirements—its meant to be dismissed with prejudice.

Dismissal is warranted, upon vacateur, for  the complaint lacks allegations necessary to obtain relief. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (Due Process Clause claim dismissed for lack of element necessary to establish state official's mistaken identity of plaintiff); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (First Amendment claim failed to allege "the violation of a clearly established constitutional right").

In any proceeding objecting to the dischargeability of a debt, the plaintiff's burden of proof is by preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 288 (1991). Courts interpret the provisions of §523(a) narrowly to protect the Code's policy of providing debtors a fresh start. *See In re Fretz*, 244 F.2d 1323, 1327 (11th Cir. 2001). A central purpose of the Bankruptcy Code is to give "honest but unfortunate debtor[s]" a "fresh start," *id.* at 286–87, and "exceptionsto discharge are to be strictly construed against the creditor." *Rembert v. AT & TUniversal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). This Complaint merits dismissal even prior to consideration of any evidence, for it fails to meet minimum standard of pleading and is a failure as a notice.

This proceeding objecting to the discharge should not have been brought, it was undertaken solely for the purposes of coercion. It is unfortunate that the consumers, facing severe hurdles continue to suffer owing to reckless indifference of the ambitious panel trustees. Courts must guard itself against such abuse.  This case is a clear example of how pleadings are twisted and relief is sought against innocent debtors by using different provisions of the code under the shadows of the statutes even if they are properly applicable or not. The pleading here shows that the counsel for the plaintiff was recklessly indifferent to the stringent requirements of law. As is always expected, as soon as an adversary proceeding is filed, the attorneys representing the debtors demands fees that no honest debtor can afford and when no debtor can afford that fees the consequence

is Hobson's choice either pay what is demanded or have a judgment entered. The undersigned has noticed this on a regular basis. It is the not the provisions of the bankruptcy code, it is not the policy or the statutory powers given to the panel trustee that we as counsel for the consumers complain, it is how these are twisted and how ultimately it is played out. Courts cannot micromanage what happens to the parties outside the pleadings and courtroom, however that is where the realities are played out. Here, there was no reason for this adversary proceeding, it was just to extract settlement from helpless people. Ms. Debra Kramer (Kramer), the panel trustee's own pleadings had reflected the complained of transactions as those marked with constructive fraudulent conveyances, however they remarkably morphed as grounds for objecting to the discharge, when the debtors had the audacity to seek bankruptcy protection.

**BACKGROUND**

1.       On April 28, 2010, S.M. Transportation, a company wholly owned by the debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. By Order dated December 21, 2010, issued by this court, the case was converted from one under chapter 11 to one under chapter 7 of the Bankruptcy Code. Kramer was appointed the interim chapter 7 Trustee and thereafter duly qualified as the permanent case Trustee.

2.       Kramer and her legal team, claimed to have learned through their investigation and reached a conclusion that within the six year period prior to the filing of the S.M. Transportation petition, there were monetary transactions from S.M. Transportation to the Debtors, for which S.M. Transportation did not receive any consideration.  Kramer commenced an adversary proceeding against the Debtors which was entitled *Debra Kramer as Trustee of the Estate of S.M. Transporation, Ltd. v. Maria Iqbal and Shakil Iqbal, Case No.* 11-1539 seeking to set aside the Pre-petition payments as fraudulent conveyances and seeking to recover at least[sic] $143,529.15 from the Defendants. **Ex. B**. Kramer and her team knew that the debtors had no other source of income and that the debtors were the sole shareholder, officers of this entity. The debtors filed the instant bankruptcy petition on March 26, 2012 and attorney Harold Seligman was the counsel for them. There

4

was no retainer or any agreement in writing between the debtors and Mr. Seligman as an attorney regarding the scope of his representation.

3.    On June 22nd, 2012, Kramer as trustee of the Estate of SM Transportation, Ltd. filed a complaint (Adversary Complaint) objecting to the discharge of debtors and dischargibility of debts under sections 523(a)(4), (6) and sections 727(c), (d), (e) of the bankruptcy code. **Ex.C.**

4.    The Adversary Complaint was served on Mr. Seligman and was unattended. Mr. Seligman demanded fees for the Adversary Complaint as he treated this as a distinct case. The debtors did not have monies to pay for this adversary proceeding.

5.    The Debtors were left without any representation. Default was noted on August 14, 2012 regarding the Adversary Complaint as the debtors did not appear. Mr. Seligman also did not appear.

6.    On August 29, 2012, Ms. Kramer moved this court for a default judgment. **Ex. D**

7.    Ms. Kramer filed an affidavit of service claiming that the debtors and their attorney were served. **Ex. E**

8.    On September 27, 2012, a hearing was held wherein there was no appearance by the Debtors or Mr. Seligman.

9.    On November 6, 2012, the Court entered a default as well as a judgment of $143,529.17, based on Sections 523(a)(2)(A); 523(a)(4) and 523(a)(6) of Title 11 of the United States Code (the "Bankruptcy Code") against the debtors and in favor of Ms. Kramer. The court also found the debtors not entitled to discharge pursuant to Sections 727(a)(4)(A) and 726 (a)(5).

10.    The penalty judgment entered was very harsh.

11.    The default judgment should not and could not have been granted, as neither procedural nor pleadings standards for such a judgment were followed by Kramer.

12.    The judgment must be vacated and complaint must be dismissed.

13.    Courts have historically viewed a default as a harsh measure and, emphasizing a preference for trial on the merits, typically look with disfavor on a default. *U.S. on Behalf of and for Use of Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130, 24 Fed. R. Serv. 3d 1113 (8th Cir. 1993); *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991); *Charlton L. Davis & Co., P. C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309,

23 Fed. R. Serv. 2d 1193 (5th Cir. 1977); *Universal Am-Can, Ltd. v. Interstate Brands Corp.*, 160 F.R.D. 151, 152 (D. Kan. 1995*); Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).

## LOCAL PROCEDURE NOT FOLLOWED.

Mr. Seligman was the counsel for the debtor. He did not appear for the hearings. He was not relieved of this case. Mr. Seligman was deemed to be the attorney for the Adversary Proceeding.[1]

---

[1] Local Rule 2090-2 states:

**Rule 2090-2 APPEARANCE BY DEBTOR'S COUNSEL IN ADVERSARY PROCEEDINGS, CONTESTED MATTERS, ETC.**

Rule 2090-2 APPEARANCE BY DEBTOR'S COUNSEL IN ADVERSARY PROCEEDINGS, CONTESTED MATTERS, ETC. attorney of record for a debtor, or an attorney acting of counsel to such attorney and who is knowledgeable in all aspects of the case, **shall appear on behalf of the debtor in every aspect of the**

The attorney of record for a debtor, or an attorney acting of counsel to such attorney and who is knowledgeable in all aspects of the case, **shall appear on behalf of the debtor in every aspect of the case,** including but not limited to appearing at the Bankruptcy Code § 341 meeting and any adjournments thereof, and **defending an adversary proceeding**, contested matter, motion, or application filed against the debtor during the pendency of the bankruptcy case. Except as provided in subdivisions (b) and (c) of this rule, **an attorney of record for a debtor shall not exclude from the attorney's representation of the debtor any aspect of the case,** including but not limited to, appearing at the Bankruptcy Code § 341 meeting and any adjournment thereof, and **defending an adversary proceeding**, contested matter, motion, or application filed against the debtor during the pendency of the bankruptcy case.

(b) *Exclusion of Adversary Proceeding Defense from Scope of Representation.*
If the debtor's **pre-petition written retainer agreement with the attorney of record excludes the defense of an adversary proceeding from the agreed scope of representation**, and if the attorney will not for that reason appear on the debtor's behalf in the adversary proceeding, and unless the debtor has obtained new counsel for the defense of such adversary proceeding and that counsel has appeared in the adversary proceeding**, the attorney shall, within 14 days of service of the summons and complaint, file and serve on the debtor and counsel for the plaintiff a signed copy of the relevant portions of the retainer agreement** (which may be redacted, subject to further disclosure upon direction by the Court, to the extent required to protect privileged or proprietary information, but which must include the signature page) and an affirmation setting forth.

(i) that such attorney has not been retained to represent the debtor in the adversary proceeding and for that reason will not undertake the representation;
(ii) the applicable provisions of the attorney's written retainer agreement with the debtor;
(iii) that such attorney, following the commencement of the adversary proceeding, has advised the debtor of:
(A) the nature of the adversary proceeding and the claims asserted therein;
(B) the debtor's obligation to file and serve an appropriate response to the initial pleading and the consequences of failing timely to answer or move with respect to the pleading;
(C) the requirements of form and time limits applicable to the preparation, filing and service of a responsive pleading; and
(D) how to serve and file a responsive pleading; and
(iv) if the attorney is, despite best efforts, unable to contact the debtor to communicate the information described in subdivision (b)(iii) of this rule, the affirmation shall also set forth the nature of the attorney's efforts to contact the debtor.

14.    The aforesaid was not followed by Mr. Seligman. From the docket, it is clear that this Hon. Court did not seek any explanation from Mr. Seligman regarding such serious omission. Consumer debtors cannot be left without assistance and without offering proper reasons. Because of this lack of duty to discharge his duties as a counsel, the debtors discharge was denied.

15.    Despite, Mr. Seligman failure to attend, this discharge should not have been granted. The entire plaint is based on damages. Willful malicious injury and fraud, in one form or the other are common elements of all causes of action alleged against the Debtors. However as is usual of the plaintiff's pleadings, it does not meet the test and is bereft of the basics of Rule 8 and 9 of federal rules of civil procedures as applicable to bankruptcy rules. Courts have an independent duty to determine the sufficiency of the complaint. Further, even if the defendants admits by default the facts, they do not admit mere conclusions of law—this complaint fails on that basis alone--as the legal conclusions and factual assertions do not tally. A default is not an absolute confession by the defendant of his liability and of the plaintiff's right to recover, but is instead merely an admission of the facts cited in the complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *Jackson v. Correctional Corporation of America*, D.D.C.2008, 564 F.Supp.2d 22. Even the admission of facts by default is not a proper conclusion when facts are not well pleaded or to admit conclusions of law, they remain open to challenge here or on appeal on the issue of sufficiency of complaint and its allegations to support judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, C.A.5 (Tex.) 1975, 515 F.2d 1200 The complaint taken as whole does not reflect causes of action and when it fails to plead such causes, plaintiff's claims are subject to dismissal. *Bixler v. Foster*, C.A.10 (N.M.) 2010, 596 F.3d 751. Incredibly the affidavit filed by the counsel for the trustee, Fred Kantrow's asserting fully familiar with the facts and circumstances set forth herein, has nothing other than parroting the provisions of causes of action and rehashing the complaint and that too the complaint delineating constructive fraudulent conveyance aspects.

For both, equitable and legal reasons, the facts of this case warrants reopening of the proceeding and default vacated. As would be seen, (1) the default was not willful; (2)

the adversary faces little prejudice by vacateur; (3) the defaulting party's explanation is very plausible; and (4) the defaulting party likely acted in good faith.

## COMPLAINT

The grounds alleged in the complaint are: Within the six year period prior to the filing of the S.M. Transportation petition, S.M. Transportation made many payments for the benefit of the Defendants and did not receive any consideration exchange for the payments made which benefitted Defendants. See Complaint Paragraph # 12.

The complaint further identifies the payments: $20,911.77 mortgage payments for defendant's residence; $9,000.00 for sweet sixteen birthday of the defendant's daughter; $25,650.00 to Liberty Home Improvements for defendant's residence repair; $80,223.88 paid to Maria Iqbal; $6,700.00 paid to Shakil Iqbal; $1,043.50 paid to Suffolk County Community College on behalf of the debtor/defendant's son. Further, that the "transfers of payment to the Defendants and/or for the benefit of the Defendants from S.M. Transportation made within six year period prior to the filing total $143,529.15" was without any consideration. Prior to this complaint, the plaintiff had commenced another lawsuit (Adversary # 11-1539) complaining of the same transactions and same gravamen, same operative facts, however seeking a different relief under fraudulent conveyance action. **Ex. B & C  Conveyance Complaint and Discharge Complaint.**

We examine the trustee complaint under every provision of law used by Kramer to deny the discharge and we do so under the reasoning that even if the debtors have defaulted, would it result into a such a harsh liability, a denial of discharge? The following notes will show that the trustee complaint was not a proper subject of admission by default and judgment thereupon. The Complaint failed in its basics.

## 11 U.S.C. § 523(a)(2)(A)

The plaintiff wants this relief under the theory that the defendants obtained $143,529.15 from S.M. Transportation under false pretense, false representation, and actual fraud harming its creditors. For the same, the plaintiff pleaded relief alleging "Upon information and belief, the Defendants obtained the benefit of payments made by S.M. transportations', and S.M. "did not receive any consideration for the Pre-Petition payment made on behalf of the Debtors" and "were intentional acts" taken by the

defendants in an effort to defraud true creditors of S.M. Transporation, which were numerous."

Further, Kramer, the plaintiff asserts under "false representation" that upon information and belief, the Defendants obtained "payments detailed herein by a false representations insofar as S.M. Transportation did not receive any consideration for the transfers and the action taken by the Defendants caused intentional harm to the true creditors of S.M. Transportation."

Lastly, she asserts ambiguously, "Upon information and belief, the Defendants procured the Pre-Petititon payments detailed herein by actual fraud insofar S.M. Transportation did not receive any consideration for the transfers."

Trustee fails in all aspects or on any of the asserted basis. Trustee says that the defendants, "upon information and belief" used "false representation," "actual fraud," and "intentional acts" "in an effort to defraud the "true creditors," as SM did not receive consideration. Ms. Kramer as a trustee is very disturbed that defendants allegedly used "false representation, actual fraud and intentional acts in an effort to defraud the "true creditors" against the wholly owned company of the defendant as her estate had not received consideration. All these allegations, parroting of statutory predicates must fail as complaint just does not tell us what the "false representation," "actual fraud," and "intentional acts" "in an effort to defraud the "true creditors," was! *Am. Express Travel related Serv. Co. v. Henein*, 257 B.R. 702 (E.D.N.Y 2001)(affirming dismissal of a complaint that did not plead fraud with particularity); *Chase Bank v. Vanarthos* (In re Vanarthos), 440 B.R. 67 (Bankr. S.D.N.Y. 2010)(complaint stating only dates and amounts of charges and petition date did not plead fraud particularity); *In re Giuffrida*, 302 B.r. 119 ( Bankr. E.D.N.Y. 2003) (merely alleging that debtor exceeded credit limit and that debtors' debts exceeded his income when he used credit card did not state a claim under section 523(a)(2). Lack of consideration as alleged is not false representation and actual fraud. Further, the debtors were entitled to have their salary, entitled to make a living through such compensation. They were not operating this business as a charitable or Not-for-Profit company. It was the sole income source for the debtors.

Complaint has been vapidly couched in the statutory pre-requisites, however, it is a narration of the pain suffered by other creditors and not S.M. Transportation. Trustee

has no standing, despite compassion for other creditors as the trustee has claimed in the fraudulent conveyance action. The trustee cannot maintain or use section 544 hypothesis to claim on behalf of the creditors for the purposes of 523 action. It must be the injury suffered by S.M. Transportations and not its creditors. It is a legal impossibility under the given pleaded facts that since the creditors of S.M. Transportation suffered lack of money owing to acts under 523 (a)(2)(A), the trustee of S.M. Transportation could bring a proceeding under this section. Trustee does not have a standing to assert such other creditors' claims.

## ACTUAL FRAUD ISSUE

The trustee makes a sweeping statement about "actual fraud" and also provides the reasoning for such fraud, i.e. to the extent S.M. Transportation did not receive consideration." How is it possible to square actual fraud with lack of consideration and that too "to the extent?" Constructive fraudulent hypothesis is not applicable here.


Section 523(a)(2)(A) was intended to codify case law as expressed in Neal v. Clark,  95 U.S. 704, 24 L. Ed. 586 (1878) . interpreted "fraud" to mean actual or positive fraud rather than fraud implied by law.  124 Cong. Rec. H11,095-11,096 (daily ed. Sept. 28, 1978), *reprinted in* App. Pt. 4(f)(i) *infra*; S17, 412-13 (daily ed. Oct. 6, 1978), *reprinted in* App. Pt. 4(f)(iii) *infra.*
4-523 Collier on Bankruptcy P 523.08

## FALSE PRETENSE AND FALSE REPRESENTATION

The Trustee alleges that, the Defendants obtained "payments detailed herein [143,529.15] by a false representations insofar as S.M. Transportation did not receive any consideration for the transfers and the action taken by the Defendants  caused intentional harm to the true creditors of S.M. Transportation." Further, she alleges that S.M. Transportation "did not receive any consideration for the Pre-Petition payment made on behalf of the Debtors" and "were intentional acts" taken by the defendants in an effort to defraud true creditors of S.M. Transporation, which were numerous." Once again the fact or allegation that S.M. Transportation did not receive consideration does not give rise to a level to except a debt from discharge under section 523(a)(2)(A), the false representations giving rise to the debt must have been knowingly and fraudulently made

10

and fraud implied in law, which may be established without imputation of bad faith or immorality, is insufficient. See *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 17 C.B.C.2d 852 (8th Cir. 1987) ; *Driggs v. Black (In re Black)*, 787 F.2d 503, 14 C.B.C.2d 1215 (10th Cir. 1986) ; *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir. 1986) ; *In re Chavez*, 26 C.B.C.2d 1598, 140 B.R. 413 (Bankr. W.D. Tex. 1992).

**4-523 Collier on Bankruptcy P 523.08**

Justifiable reliance by the creditor on representations by the debtor is a prerequisite for a claim of fraud here and because there is no such reliance in the complained of transaction, trustee claims brought on this basis must fail. *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 439 (1995). There cannot be a credit from wholly owned corporation for the debtors. The money has to be obtained from the creditor. And at the time of obtaining such monies, the lender must have been a creditor. Employee writing checks to themselves are not debtors of that corporation for the purpose of this section. See *Marcusen v. Glen* ( In re Glen), 639 F.3d 530 (8th Cir. 2011)(reduction of equity of creditor holding unrecorded mortgage caused by debtors granting another mortgage was not transaction in which debtors obtained money or property from creditor).

## 11 U.S.C. § 523(a)(4)

Kramer alleges that "upon information and belief, the Defendant  procured the Pre-Petititon payments detailed herein from S. M. Transportation for no consideration for the transfers." Thus "Accordingly the Plaintiff is entitled to judgment pursuant to section 523 (a)(4) deeming the Pre-Petition Payments in the amount of $143,529.15 made by S.M. Transportation for the benefit of the Defendants as non-dischargeable debts."

Once again she uses the constructive fraudulent conveyance standard in the pleadings, however "Fraud" for purposes of this exception has generally been interpreted as involving intentional deceit, rather than implied or constructive fraud. *Bartley Tex. Builders Hardware, Inc. v. Swor (In re Swor*, 2008 Bankr. LEXIS 2918 (Bankr. S.D. Tex. Apr. 4, 2008) ; *In re Tripp*, 189 B.R. 29 (Bankr. N.D.N.Y. 1995) ; *In re McDaniel*, 181 B.R. 883 (Bankr. S.D. Tex. 1994).

**4-523 Collier on Bankruptcy P 523.10**

Pleadings did not provide basis for relief under 11 U.S.C. § 523(a)(4). Bankruptcy Code Section 523(a)(4) concerns the dischargeability of debts incurred through abuses of fiduciary position and involving debts arising from the debtor's acquisition or use of property that is not the debtor's property. *FNFS, Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 619 (5th Cir. 2011). The property here belonged exclusively to the debtors. The debtors were not the fiduciary for the purposes of this exception section. Where the relationship of the parties is not a fiduciary relationship as a matter of law, the burden of proving a fiduciary relationship is on the party asserting the relationship. *Shofstall v. Allied Van Lines,* 455 F. Supp. 351, 360 (N.D. Ill. 1978); *Paul,* 191 Kan. 163, 380 P.2d 421, 426.

Here Ms. Kramer did not provide any basis, wording or even a casual reference to the type of fiduciary that is needed for attracting section 523 (a)(4). Kramer imputes general fiduciary standards and designation, however, the term "fiduciary" under section 523(a)(4) "applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity." *Riden v. Sigler (In re Sigler),* 196 B.R. 762, 764 (Bankr.W.D.Ky.1996) (quoting *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249, 251 (6th Cir.1982)). The federal law definition of fiduciary is different from the traditional common law definition and the construction is more restrictive as applied by section 523(a)(4). The purpose of the narrow construction is to limit exceptions to discharge and promote the debtor's rehabilitation. Under section 523(a)(4), fiduciary capacity applies to a technical trust, express trust or statutorily imposed trust and not to fiduciary relationships that arise under the common law from an equitable trust, implied trust, constructive trust or an agency relationship.

Debtor was not in fiduciary capacity to creditor of debtor's wholly owned corporation. Although New York law places a fiduciary duty on a corporate officer or director to an insolvent corporation, that fiduciary status does not extend to creditors of the insolvent corporation for purposes of § 523(a)(4). In the absence of fraud, the trustee here stretches section 523(a)(4) exception so far as to make officers and directors of insolvent corporations personally liable, without the ability to secure discharge in bankruptcy, for a wide range of corporate debts. The trustee fails to show existence of

an express trust, where the only allegation is that "the Defendants procured the Pre-Petititon Payments detailed herein from S. M. Transporation for no consideration for the transfers" and this does not produce itself an implied fiduciary status. *Follett Higher Education Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761 (7th Cir. 2011)

Law applicable here is the federal law. However, there is no general federal common law on which courts can draw to determine when fiduciary duties should be applied, the precise nature of default fiduciary duties, or the interpretation or enforcement of contracts varying the default rules. Rather, to the extent fiduciary duties arise under federal law they do so under specific statutes. Federal bankruptcy law determines whether the debtor was a "fiduciary" for purposes of 11 U.S.C. § 523(a)(4). The debtor qualifies as such only if the debtor was the trustee of an express or statutory trust. State law determines whether such a trust existed. However, the trust in question must have been one that existed before any wrongdoing. *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986). Conclusory allegations that one party placed "trust and confidence" in another are typically insufficient to plead a fiduciary relationship and here even that allegation is missing. It has to be more, factually detailed, the basis for imputing such relationship. *Faulkner v. Arista Records, LLC*, 602 F. Supp. 2d 470, 482 (S.D.N.Y. 2009) (applying New York law), in which the court held that allegations that a contractually bound record company and recording artist shared a "long and enduring relationship...of trust and confidence" were insufficient to plead a fiduciary relationship. ("A fiduciary relationship arises when one has reposed trust or confidence in the integrity or fidelity of another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another."); *Pension Committee of The University of Montreal Pension Plan v. Banc of America Securities, LLC*, 592 F. Supp. 2d 608, 624 (S.D.N.Y. 2009) ("While the 'exact limits' of what constitutes a fiduciary relationship are 'impossible of statement,' a fiduciary relationship may be found in any case 'in which influence has been acquired and abused, in which confidence has been reposed and betrayed'"); *In re Paley*, 8 B.R. 466 (Bankr. E.D.N.Y) 1981) (contract requiring money to be held "in trust" not enough to create fiduciary relationship); *Arvest Mortg. Co. v. Nail ( In re Nail)*, 680 F. 3d 1036, 1041 (8th Cir. 2012) (the mere use of the word "trustee," when viewed in the context of lien-holder protection statute as a whole, did not reflect a

legislative intent to create the kind of express or technical trust requirement in the strict and narrow sense under § 523 (a)(4).

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity." The definition of "fiduciary capacity" under § 523(a)(4) is a question of federal law. *See Mills v. Gergely (In re Gergely),* 110 F.3d 1448, 1450 (9th Cir.1997). Thus state law kind of fiduciary and "[t]he broad, general definition of fiduciary-a relationship involving confidence, trust and good faith-is inapplicable in the dischargeability context." *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986). As a result, a very narrow definition of "fiduciary" for purposes of § 523(a)(4) is adopted. "[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." *Lewis v. Scott (In re Lewis),* 97 F.3d 1182, 1185 (9th Cir. 1996).There was no such trust here and Complaint did not help to identify either.

## 11 USC § 523 (a)(6)

Kramer alleges that, "Upon information and belief, the Defendants obtained the Pre-Petition Payments herein from S.M. Transportation for no consideration for the transfers to the determent of the creditors of S.M. Transportation." She further alleges, "Upon information and belief, the Defendants' action were willful and malicious and caused injury to the creditors of S.M. Transportation." How can mere "pre-petition payments," from "S.M. Transportation for no consideration" with nothing more be willful and malicious? Further, how could the Trustee for S. M. Transportation bring a malicious injury claim on behalf of the creditors of S. M. Transportation? What injury was caused and to whom? Creditors of S.M. Transportation did not have any property to which the debtors could have caused or caused any willful and malicious injury.

Here to trigger section 523(a)(6), a debt must *arise* from a willful and malicious injury. Taking money from an entity without consideration, is not an intentional tort. Debt is imputed to have arisen from not paying proper consideration and that alone cannot sustain the allegation of willful and malicious injury.

Under § 523(a)(6), any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge in

bankruptcy. 11 U.S.C. § 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (holding that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury). Recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6). *Kawaauhau*, 523 U.S. at 64. Under Kawaauhau and its stringent standard, to satisfy the requirements of section 523 (a)(6), Kramer must plead and prove that the debtor actually intended to harm and not merely that the debtors acted intentionally and the entity was thus harmed. Also, the elements of malice are not alleged or supported by factual allegations. Kramer does not allege that Debtors did not have the right to cause the transfer of proceeds to themselves, it is but understandable that such assertion cannot be made under the circumstances, as the shareholders were also the employee and they have to be paid. Kramer does not explain and cannot explain as to why S.M. Transportation could not make lawful distribution to the debtors. Kramer makes it very clear, as is evident from her other Complaint (fraudulent conveyance), and her causes of action and as well as the affidavit of her team member that S.M. Transportation did not receive any consideration thus because it was a fraudulent transfer, it was a willful and malicious act. However a constructive fraudulent conveyance in itself cannot be enough to sustain a section 523 (a)(6) which requires a proof of intent to harm and proof of malice. Further fraudulent transfer claims either constructive or actual cannot support a section 523 (a)(6) claim because a purported 'property interest' in the "the fraudulent transfer remedies provided by state law does not fit within the definition of either 'debt' or 'property' for purposes of section 523 (a)(6)," *Quarre v. Saylo*r (In re Saylor), 108F.3d 219, 221 (9th Cir. 1997). Here the fraudulent transfer judgment had not been obtained. *In re Thurman*, 901 F.2d 839, 841 (10th Cir. 1990); see also *Miller v. Scott (In re Scott)*, 462 B.R. 735, 741 (Bankr. D. Alaska 2011)("weight of authority holds that a fraudulent transfer of corporate property does not constitute grounds for denial of discharge in an individual's case" citing Thurman).

Here as with the rest of complaint, Kramer merely stately a legal conclusion, and therefore it fails the pleading standard as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Here, for the application of section 523 (a)(6), there is requirement of showing of willfulness and malice. Rule 9(b) provides that "malice, intent, knowledge and other condition of mind of a person may be

averred generally." Consequently, allegations of scienter are not subjected to the more exacting consideration applied to the other components of fraud. However, a factual basis must be stated for conclusory allegations of intent. *Ouaknine v. MacFarlane*, 897 F.2d 75, 79-81 (2d Cir. 1988). Allegations of scienter are sufficient only if supported by facts giving rise to a "strong inference" of fraudulent intent. *O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2d Cir. 1991) ("while Rule 9(b) permits scienter to be demonstrated by inference, this 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegation.' An ample factual basis must be supplied to support the charges" (citation omitted)); *see also Breard v. Sachnoff & Weaver, Ltd.*, 941 F.2d 142 (2d Cir. 1991).

### 727(a)(4)(a)

Kramer alleges that, "monies that [debtors] diverted from S.M. Transportation from their benefit, were amounts that were treated as income by the Defendants." This is indeed the reality, the debtors did have an income and the Pre-Petition payments were income. If the plaintiff agrees that it was all income, then all claims of fraudulent conveyance, and related complaints etc. must fail.

The plaintiff accuses the debtors for not showing in the Statement of Financial Affairs the income received and thus making them a candidate for exception to discharge under Section 727 (a)(4)(a). However such omission is not material and thus it is not amenable to target under this section. The false oath must have related to a material matter. *Coccia v. Fischer (In re Fischer)*, 2 C.B.C.2d 305, 4 B.R. 517 (Bankr. S.D. Fla. 1980) ("[a] bankruptcy discharge may be denied under § 727(a)(4)(a) only if the false oath related to a ... matter ... material to the condition of the estate or the debtor's entitlement to discharge"). Here, if the Statement of Financial Affair had reflected the dividends the debtors had declared and how they had utilized that money, it would not be available for the estate of the debtors/defendants. The omission of property of trivial value or property not subject to the claims of creditors has been treated as immaterial. . *Lee Supply Corp. v. Agnew (In re Agnew)*, 818 F.2d 1284 (7th Cir. 1987).

This SOFA is not a false statement. These complexities of such forms are not understood even by lawyers, it would be unfair to subject a layperson to such high standard. All disclosures was made by the debtor wherever they were asked. But a false

statement that has no effect in the case is not grounds for denying a discharge. *Coccia v. Fischer (In re Fischer)*, 2 C.B.C.2d 305, 4 B.R. 517 (Bankr. S.D. Fla. 1980) (debtor's false statement that he was unemployed).

## 11 USC 727 (a)(5)

Once again the plaintiff misses the point. This section pertains to loss and deficiency of the property of the estate. Here by her own admission the trustee stated that the "principals of S.M. Transportation dissipated the assets of the S.M.Transportation, for their exclusive benefits, to the detriment of the creditors of S.M. Transportation. Here it is the estate and bankruptcy of the debtors and not of S.M. Transportation. The plaintiff does not speak clearly in her allegations as to what role was played by each debtors and defendants are regarding the serious allegation levied against them. The estate property under this section has to be property of this estate and not of others. This claim must be stricken and no default could have been granted on this section 727(a)(5)

## PLEADING—FAILURE TO STATE A CAUSE OF ACTION

The judgment on pleading could not have been granted. This decree pro confesso should not have been granted. The pleadings used to obtain the judgment under section 523 and 727 of the bankruptcy code does not support the underlying relief obtained thereto. In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, the Supreme Court modified the principles that guide a district court's decision when faced with a motion to dismiss for failure to state a claim. A district court now must determine whether the claim is *plausible*. **The entire Complaint is agog with nothing but, "Upon information and belief," and "no consideration for the transfers"**—however, these two assertions in itself, does not resolve, impute and allege the Notice requirement of pleadings. Nor does it provide a basis on which the plaintiff requisitioned relief could be granted. Allegations of fraud such as are here involved when made on "information, and belief" must be accompanied by a statement of the facts upon which the belief is founded. *Duane v. Altenberg*, 297 F.2d 515 (1965). Vague or conclusory allegations are insufficient to satisfy the particularity requirement of rule 9(b). *See, e.g., Graue Mill Dev. Corp.*, 927 F.2d at 992 ("Cryptic statements suggesting fraud are not enough; mere allegations of fraud . . ., averments to conditions of mind, or references to plans and schemes are too conclusional to satisfy the particularity requirements" (citations and internal quotations

omitted)). Instead, a complaint must contain specific facts supporting its conclusions. *Lally v. Crawford County Trust & Sav. Bank*, 863 F.2d 612 (8th Cir. 1988). The mere assertion that wrongful statements were made, without more, is insufficient to support a claim of fraud. *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997 (2d Cir.), *cert. denied*, 488 U.S. 852 (1988); *Browning Ave. Realty Corp. v. Rosenshein*, 774 F. Supp. 129, 138 (S.D.N.Y. 1991); *Zuckerman v. Harnischfeger Corp.*, 591 F. Supp. 112 (S.D.N.Y. 1984).

Pleading standard fails in all aspects in this case and the complaint does not provide any cause of action. The trustee uses constructive fraudulent conveyance hypothesis. The entire pleading of this complaint is conjectural and does not even provide the basics of pleading—no notice is inferred here as to what is the defendant being sued about, further, it fails to provide any basis for a claim on which relief could be provided. Supreme Court in the recent case of *Bullock v. Bankchampaign*, N.A citing In *Neal* v. *Clark,* 95 U. S. 704, stated that "this Court interpreted the term "fraud" in the Bankruptcy Code's exceptions to discharge to mean "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality." 569 U. S. ____ (2013). Here the only insinuation against the debtors is they failed to provide adequate consideration. **Fraud pleadings cannot be general.** Pleading here did not reach the fraud standard necessary for excepting discharge. Judgment given here was not based on state law in a diversity matter, it is the bankruptcy court deciding a federal question issue. Federal fraud is alleged here. *Cayman Exploration*, 873 F.2d at 1362 ("We believe this is particularly important in cases where the predicate fraud allegations provide the only link to federal jurisdiction"). Rule 9(b) effectively carves out an exception to the otherwise generally liberal pleading requirements set forth in the federal rules. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988 (7th Cir. 1991). The language of Rule 9(b) requires a complaint in an action based on fraud based on fraud to allege all the substantive elements of fraud. Where rule 9(b) applies, the court considers the particularity requirement against the more general policy stated in rule 8(a)And that too within the context of fiduciary relationship. *VanDenBroeck v. CommonPoint Mortgage Co.*, C.A.6th, 2000, 210 F.3d 696 (elements of fraud must be proven within fiduciary relationship just as other circumstances). A claim for fraud must "(1) detail the

statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 197 (S.D. N.Y. 2011), quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996). Here what was pleaded were the regular elements of insolvency related conveyances, however that is not exception to discharge.

The predicates of this action are that the SM. Transportation within six years of bankruptcy filing made payments without any consideration when it was insolvent or rendered insolvent. Armed with the knowledge of the aforesaid facts (disclosed by the debtors), the plaintiff moves against the debtors for denial of discharge pursuant to sections 523 (a)(2)(A), (4), (6) and 727 (a)(4)(A) and (5). Underlying pleadings are a mismatch and very incoherent and does not go beyond pure recitation of the legal conclusions casted as facts and that too premised on "Upon information and belief." Before entering a default judgment the court has an independent duty to determine the sufficiency of the Plaintiff's claim. *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9 Cir. Alaska 1994). Finally, Federal Rule of Civil Procedure 9(b), made applicable through Federal Rule of Bankruptcy Procedure 7009, raises the bar by requiring that the allegations of fraud be stated with particularity. The Bankruptcy Court must exercise its independently duty, arising under Federal Rule of Bankruptcy Procedure 55(b)(2), to determine the sufficiency of the plaintiff's claim before entering a default judgment.

Kramer's motion for default should not have been granted, as the motion or the underlying complaint were not entitled to any assumption of truth when it bore nothing other than, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" as pointed by the Supreme Court in *Iqbal. See also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (declining to assume to truth of allegations parroting statutory language when evaluating a motion for default judgment). Ms. Kramer alleged fraud, however a fraud claim, like any other, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). That standard precludes pleading "labels and conclusions," "a formulaic recitation of the elements" and "naked

assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Pleadings must be a notice. Notice must have the necessary elements which are the bedrock principle of each particular causes of action. In federal practice, the test of a complaint's sufficiency simply is whether the document's allegations are detailed and informative enough to enable the defendant to respond. *Castiglione v. Papa*, 2010 WL 2044688, *6 (N.D. N.Y. 2010) ("defendants cannot be required to respond, and be held to those responses in future litigation, where the factual and legal allegations remain so unclear"); *Beanal v. Freeport-McMoran, Inc.,* C.A.5th, 1999, 197 F.3d 161 (complaint is inadequate if it fails to set forth sufficient information to outline elements of claim or permit inferences that elements exist)., In order to sufficiently state a claim for denial of discharge, the plaintiff has the burden to alleged with specificity the acts by defendant which would entitle th plaintiff for such a relief.

This Complaint was not plausible in any manner of construction of pleadings. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* at 678. Moreover, the court is not bound to accept an inference drawn by the plaintiff if the inference is not supported by the facts in the complaint. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). The pleadings in this complaint are replete with contradictions and conjectures. For instance, "Upon information and belief, the Defendants alleged to the Plaintiff that the monies that they diverted from S.M. Transportation for their benefit, were amounts that were treated as income by the Defendants." See Complaint ¶#55.

The entire pleadings were very incoherent  and does not provide basis for relief. The pleadings failed to provide a proper notice. *Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement); *Iqbal (*Conclusory and vague allegations do not support a cause of action) "Rule 8 tests the sufficiency of the pleading rather than the sufficiency of the

cause of action or claims asserted therein." *Scheidelman v. Henderson (In reHenderson),* 423 B.R. 598, 612 (Bankr. N.D. N.Y. 2010). While the movant is not required to give detailed statements of fact, the movant must plead something more than mere conclusory statements or "unadorned, the-[debtor]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal,* "A pleading that offers nothing more than 'threadbare recitals of the elements of a cause of action,' without supporting factual allegations, will not suffice. [*Iqbal*] at 1950 (*citing Twombly,* 550 U.S. at 555, 127 S.Ct. 1955)."

Simply alleging that the Debtors failed to list assets that the Debtor may have had six years prior to filing bankruptcy are facts that are "merely consistent with" a false oath or account and nothing more. Under *Iqbal* and *Twombly,* these allegations fallshort of the plausibility requirement of being entitled to relief under § 727(a)(4)(A). Debtors explained everything whatever that happened to them and whatever they had earned and spent. As noted above, "[a] claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F. 3d 787, 796 (5th Cir. 2011)(quoting *Iqbal,* 129 S.Ct. at 1949)

Other than the statements, i.e."[U]pon information and belief, the Defendants alleged to the Plaintiff that the monies that they diverted from S.M. Transportation for their benefit, were amounts that were treated as income by the Defendants," and "[T]he Defendants, as the principals of S.M. Transportation, dissipated the assets of S.M. Transportation, for their exclusive benefit, to the detriment of the creditors of S.M. Transportation, and cannot explain the loss of assets or deficiency of assets to meet even their own liabilities," Kramer does not plead sufficient factual content to allow the Court to draw the reasonable inference that the Debtors has had a sudden and drastic loss of assets *just prior to filing* bankruptcy. The claim for relief under §§ 727(a)(4) & (5) is "implausible on its face [because] 'the wellpleaded facts could not permit the court to infer more than the mere possibility of misconduct.'" *Iqbal,* 129 S.Ct. at1949. It is not that the *Twombly* and *Iqbal* that has shifted the standard of pleadings to an heightened standard, it is the very requirements of the statute in questions including section 523 and 727. This complaint typifies what the Supreme Court has disdained about the pleadings. There is nothing here other than the formulaic recitation.

21

Ultimately these claims could not have been brought by the estate of S. M. Transportation, as they could not have been brought by the debtor S.M. Transportation and as such were not property of the estate. Kramer could espouse or invoke only such claims that which belonged to Estate of S.M. Transportation. If, the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case and is not property of the estate.

The plaintiff offers no factual allegations to support the assertions. Nor does it give any indication as to when the S.M. Transportation became insolvent. Mere statements contenting insolvency during or prior or afterward etc. does not provide a proper basis of asserting insolvency. There is no indication in the pleadings what debts S.M. Transportation owed and at what stage. It is clear that the despite the complained of transfers, an entity could still be solvent. Under New York law, so long there is a solvent corporation, its shareholder has no fiduciary obligation or owes any duty or obligation to the creditors. Kramer does not offer any reasons for substantiation of alleged claims

The counsel, Fred Kantro, with his characteristic lumping all and saying all does not resolve the issue. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815 (7th Cir. 1991) ("Adding more warts to the hog still does not make it a dragon"). Complaint is not a podium  or a flying saucer for an ambitious trustee to launch a crusade, with pretext of interest of creditors,  against the debtors. Complaint must be grounded in facts, tied with legal principles and contents that provide the basis for the requisitioned relief. Conley and Gibson principle, "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief," has been effectively retired by Twombly Court observing that the oft-quoted "no set of facts" language in Conley consistently fails to "be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the [Conley] Court quite reasonably understood as amply stating a claim for relief").

Motion is timely as Rule 60(b) provides that a motion for relief from a default judgment must be made within one year after judgment. Judgment herein was entered on November 6, 2103. Vacatur is requested as the judgment could not have been entered on

the pleadings. Further reason justifying the vacatur is representation and scope of such representation by Mr. Harold Seligman, the previous lawyer for the debtors. The debtors' reliance on him and his lack of following the local rule only exacerbated the circumstances.    Further, as the reading the pleadings in most favorable way to the plaintiff, it still fall short of grant of any relief. Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief or if the plaintiff fails properly to allege standing to sue. Its clear that the trustee did not have standing on several of these aforesaid claims. Hence this Complaint needs to be dismissed under Rule 12 (b)(6) of Federal Rules of Civil Procedure as applicable to the bankruptcy procedure.

These are honest and unfortunate debtors. Now to add to the misery of the family is fatal illness of the debtors, Ms. Iqbal is a cancer patient and Mr. Iqbal too going through severe depression, marked by pre-alzheimer state and their children have to dropped from school so that they could support their parents. The undersigned is very concerned about the fate of the family and letting this default judgment stay, as they have huge business debts and liability to the Revenue Services. Further, the debtors are a victim of ineffective counseling. This is a case, wherein the Justice must be served and facts be examined to achieve an equitable end.

Wherefore, the default judgment be vacated and the complaint be dismissed in its entirety with prejudice and cost be assessed against the trustee.

Dated: June 19, 2013
New York New York

Karamvir Dahiya, Esq. for Debtors

23