**THE LAW OFFICES OF**
**AVRUM J. ROSEN**, **PLLC**
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743
..............
Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address: ajrlaw@aol.com

AVRUM J. ROSEN                                                                                          ALLAN B. MENDELSOHN *
FRED S. KANTROW                                                                                       MICHAEL J. O'SULLIVAN*
                                                                                                                  (* *of counsel* )
KIMBERLY I. BERSON
DEBORAH L. DOBBIN
KATHERINE A. GERACI **
( ** *also admitted in New Jersey* )


                                                                                             June 21, 2013

**VIA ECF and E-MAIL**
Karamvir Dahya, Esq.
75 Maiden Lane
Suite 506B
New York, New York 10038

Re:   In re S.M. Transportation, Ltd., Chapter 7, Case No. 12-42218-ess
        Kramer v. Iqbal, Adv. Pro. No. 12-1198-ess

Dear Mr. Dahiya:

I write to you concerning your recent Notice of Motion to Vacate the Default Judgment and to Dismiss the Complaint for Failure to State a Claim as well as it relates to your default under the Court's order to produce documents relating to the settlement of this action, and the Court's recent extension of time for you to provide those documents as well as your response that was just filed. The purpose of this letter is to put you on notice that you continue to violate 18 U.S.C. Section 1927. Since I know that you are an intelligent person, it is beyond my understanding how you can be filing the papers that you are filing. The trustee and this office, have made it abundantly clear, that if you can provide some evidence of the debtors' insolvency, and inability to make payment on any judgment that may be obtained in this matter, that the trustee will discontinue the action. The Court entered an order directing you to provide that information. You ignored that order. When this firm advised the Court of that fact, the Court graciously, extended you time to provide the documents. You have now acknowledged that you have not even looked at any of the documentation provided by your clients, yet continue to make statements on the record as to the merits of these actions and your clients' ability to pay.

Instead of taking the time to provide the documents, you have prepared the notice and motion set forth above. The problem with that, is that you continue to assert in that motion (which has no affidavit from your client attached as is required under the Rules) that your clients are insolvent and have no ability to pay. These statements by you can only lead to two possible conclusions.

The first is that you continue to make allegations in Court papers without having done any due diligence whatsoever as to your clients' actual financial condition.  If this is the case, then you continue to assert these arguments for the purpose of delay, and to obtain relief upon which there is no sound evidentiary basis.  These actions would be sanctionable under the Court's inherent authority and the above cited section. The second possible conclusion is that you actually have this information, and have intentionally ignored the Court's order and refuse to turn it over, because, for your own ulterior motives, you do not wish this litigation to be resolved and wish to continue it as part of your personal vendetta against my client, this firm, and apparently, the entire bankruptcy system.  If that is the fact, then you have violated 18 U.S.C. Section 1927 in an even more dramatic and flagrant manner.  **TO MAKE THE POINT PERFECTLY CLEAR, IF YOU PROVIDE EVIDENCE THAT YOUR CLIENTS DO NOT HAVE THE ABILITY TO PAY, THE TRUSTEE WILL NOT CONTINUE THE ACTION AND YOU WILL NOT NEED TO ADDRESS THE MERITS.**

By filing this motion without giving the trustee the documents that would be required by the trustee to be able to evaluate this case, you are forcing the trustee to defend a motion that she might have no interest in defending, due to the fact that she was willing to discontinue her action.  In point of fact, by refusing to turn over the information as to your clients' financial ability, you are actually harming your own clients.  This is because you are forcing the trustee to oppose the motion to vacate the default on both the §523, and more importantly, the §727 aspects of the motion.

Lastly, without passing on the merits of what is set forth in your motion or in your most recent diatribe, the undersigned notes that your motion is procedurally defective.  You cannot move both to vacate a default and to dismiss the complaint for failure to state a claim.  The judgment to vacate the default must first be heard, and granted, before there can be any underlying motion practice in the case.  As noted above, the purpose of this letter is to put you on notice of this firm's intentions in regards to your actions, and to give you the opportunity to resolve the situation.  You will receive no further notice on this matter, and absent a change in your tactics will be served with another motion pursuant to 11 U.S.C. Section 1927.  Please spare me a response.

Please be guided accordingly.

Thank you.

                                            Very truly yours,

                                            */s/Avrum J. Rosen*
                                            Avrum J. Rosen

cc: Debra Kramer, Trustee
M:\K\Kramer-SM\correspondence\dahiyaletter062113ajr.wpd